1  ANGIE LEE  [SBN 254018]
   **HARBOR LAW PLLC**
2  19125 North Creek Pkwy #120
   Bothell, WA 98011
3  Telephone: (425) 329-2630
   Facsimile:  (425) 321-0344
4  angie@harbor-law.com

5  Attorney for Movant MARCELA RAMIREZ

6

7

8         UNITED STATES BANKRUPTCY COURT

9         CENTRAL DISTRICT OF CALIFORNIA

10          RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:17-bk-18926-SC |
| SOUTHERN PACIFIC JANITORIAL GROUP, INC., | Chapter 11 |
| Debtor. | **MARCELA RAMIREZ'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NON-BANKRUPTCY FORUM); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SAM KIM IN SUPPORT THEREOF**<br><br>**[F4001-1.RFS.NONBK.MOTION filed and served concurrently herewith]**<br><br>**Date:** December 12, 2017<br>**Time:** 1:30 P.M.<br>**Ctrm:** 5C |

**TO THE HONORABLE SCOTT C. CLARKSON, THE UNITED STATES TRUSTEE, THE DEBTOR, AND ALL INTERESTED PARTIES:**

     Marcela Ramirez hereby moves this Court for an order granting relief from the automatic stay as to the Debtor and Debtor's bankruptcy estate (the "Motion") and offers the following Memorandum of Points and Authorities in support of her Motion.

///

///

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Marcela Ramirez ("Movant") moves for relief from the automatic stay to allow the San Bernardino Superior Court to adjudicate the class action lawsuit captioned *Marcela Ramirez, on behalf of herself and all others similarly situated v. Southern Pacific Janitorial Group, Inc., Almirante Perez, Mirian Garcia, and DOES 1-20, inclusive* (San Bernardino Superior Court Case No. CIVDS1715508) (the "Class Action").

Cause exists to grant stay relief because relief would result in complete resolution of the issues; the Class Action would not interfere with the bankruptcy case; the state complex court is a specialized tribunal that has been established to preside over the Class Action; relief would not prejudice the interests of other creditors and other interested parties; relief would advance the interests of judicial economy; and the balance of hardships weighs in favor of the Class Action being litigated in the state complex court. *See, In re Plumberex Specialty Products, Inc.,* 311 B.R. 551, 559 (Bankr.C.D.Cal. 2004) (listing factors that may be considered when evaluating the existence of cause for relief from stay).

In the alternative, Movant requests an Order from the Court to allow Movant to proceed against the non-debtor co-defendants Almirante Perez and Mirian Garcia, as to the First Cause of Action in the First Amended Complaint for the Failure to Pay Overtime under the Federal Labor Standards Act ("FLSA") given that the automatic stay does not apply to the liability of managers for unpaid wages. See *Boucher v. Shaw,* 572 F.3d 1087, 1093 (9th Cir. 2009) (held that "managers are independently liable under the FLSA, and that the automatic stay has no effect on that liability."

### II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Class Action arises out of the Debtor's and its owners Alimante Perez and Mirian Garcia's ("Defendants" collectively) failure to comply with state and federal wage and hour laws.  *See,* Declaration of Sam Kim ("Kim Dec."), ¶ 2.  The Class Action alleges, among other things, that: (1) Defendants failed to pay overtime mandated by the Fair Labor Standards Act ("FLSA"); (2) the Debtor failed to pay state and federal mandated minimum wages for all hours worked; (3) the Debtor failed to pay overtime wages for all overtime hours worked; (4) the Debtor failed to provide meal periods; (5)

the Debtor failed to provide paid rest periods; (6) the Debtor failed to timely furnish accurate itemized wage statements; (7) the Debtor violated *Labor Code* § 201 which requires an employer to pay a terminated employee all unpaid wages immediately upon termination; and (8) the Debtor conducted unfair business practices. *Id.* at ¶ 3; Exhibit 1.

The Class Action was filed against Southern Pacific Janitorial Group, Inc. (the "Debtor") on August 6, 2017. *Id.* at ¶ 4. On October 11, 2017, the Class Action was amended to include non-debtor individuals Alimante Perez and Mirian Garcia. *Id.* On October 26, 2017, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. *Id.* On October 27, 2017, the Debtor filed a notice of bankruptcy stay in the Class Action. *Id.* On November 17, 2017, the United States Trustee filed a *Stipulation Between United States Trustee and Debtor to Convert Bankruptcy Case to Chapter 7* (the "Stipulation"). The Stipulation provides that the Debtor "no longer believes a Chapter 11 case is feasible" and that the United States Trustee and the Debtor stipulate to the conversion of the case to Chapter 7. As of the time and date of the filing of this Motion, the case has not yet been converted.

### III.    THE COURT SHOULD GRANT STAY RELIEF TO ALLOW THE CLASS ACTION TO PROCEED IN THE STATE COURT.

11 U.S.C. § 362 provides that a bankruptcy petition "operates as a stay, applicable to all entities," of the commencement or continuation of judicial proceedings against the debtor. *See,* 11 U.S.C. § 362(a)(1).

A party in interest, however, may obtain stay relief to continue or commence a judicial proceeding against the debtor for cause under 11 U.S.C. § 362(d)(1). *See,* 11 U.S.C. § 362(d)(1). The "decision of whether to lift the stay [is committed] to the discretion of the bankruptcy judge." *In re Holtkamp,* 669 F.2d 505, 507 (7th Cir.1982). The decision whether to lift the stay may be overturned only upon a showing of abuse of discretion. *Id.*

Courts have considered one or more of twelve factors to determine whether or not cause exists under 11 U.S.C. § 362(d)(1). These factors are:

(i)    Whether relief would result in partial or complete resolution of the issues;

(ii)    Lack of any connection, or interference, with bankruptcy case;

(iii)    Whether foreign proceeding involves the debtor as fiduciary;

(iv)    Whether specialized tribunal has been established to hear particular cause of action;

(v)    Whether debtor's insurer has assumed full financial responsibility for defending litigation;

(vi)    Whether litigation essentially involves third parties, and debtor functions only as bailee or conduit;

(vii)    Whether litigation will prejudice interests of other creditors, creditors' committee, and other interested parties;

(viii)    Whether judgment claim arising from the foreign action is subject to equitable subordination;

(ix)    Whether movant's success in foreign proceeding would result in judicial lien avoidable by debtor;

(x)    Interests of judicial economy;

(xi)    Whether foreign proceeding has progressed to point that parties are prepared for trial; and

(xii)    Impact of stay on parties and balance of the hurt.

*See, In re Plumberex Specialty Products, Inc.,* 311 B.R. 551, 559 (Bankr.C.D.Cal. 2004) (listing the twelve factors catalogued in *In re Curtis,* 40 B.R. 795 (Bankr.D.Utah 1984).)

These twelve factors, commonly known as the "Curtis factors" have been adopted by the Second Circuit and courts in other circuits. *See, Plumberex,* 311 B.R. at 559. "[N]ot all of the twelve *Curtis* factors are relevant in every case. Nor is a court required to give each of the *Curtis* factors equal weight in making its decision." *Id.* at 560 (citations omitted).

Movant bears the initial burden to establish "a prima facie case that 'cause' exists for relief under § 362(d)(1)" based on one or more of the twelve factors. *See, In re Plumberex Specialty Products, Inc.,* 311 B.R. at 557. "Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted." *Id.*

Seven of the Curtis factors weigh in favor of stay relief: (1) relief would result in complete resolution of the issues; (2) relief would not interfere with the bankruptcy case; (3) a specialized tribunal has been established to hear the Class Action; (4) relief will not prejudice interests of other

creditors, creditors' committee, and other interested parties; (6) relief will further interests of judicial economy; and (7) the balance of hardships weigh in favor of relief.

**A.      Cause exists to grant stay relief because relief would result in complete resolution of the issues.**

Stay relief would allow the parties to completely resolve the Class Action in the state complex court.  If stay relief is not granted, the parties would need to litigate the Class Action in two separate venues—the claims against Alimante Perez and Mirian Garcia in state court and the claims against the Debtor in bankruptcy court.

**B.      Cause exists to grant stay relief because the Class Action would not interfere with the bankruptcy case.**

Stay relief would not interfere with the bankruptcy case. In fact, the opposite is true. Liquidation of the claims against the Debtor is required for the administration of this bankruptcy case. Allowing the Class Action to proceed to conclusion with enforcement to take place in this Court would advance the bankruptcy.  The bankruptcy case requires the determination of the value of Movant's and her class member's claims against the Debtor, which the Class Action would accomplish efficiently.

**C.      Cause exists to grant stay relief because a specialized tribunal has been established to preside over the Class Action.**

Stay relief would allow the specialized tribunal to preside over the Class Action.  The Class Action is pending in the Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino.  As defined by California Rules of Court, Rule 3.400(a), a complex case is on that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.  Thus, the complex court is specially equipped to handle the complexities typical to a class action—the large number of witnesses, the substantial amount of documentary evidence, and extensive motion practice.  Stay relief would allow for the Class Action to proceed to conclusion in a court specifically established to handle a case of its kind, thereby serving the interests of all those involved, including the judicial resources of both the state court and this bankruptcy court.

**D.    Cause exists to grant stay relief because stay relief would not prejudice the interests of other creditors, creditors' committee, and other interested parties.**

Stay relief would not prejudice other creditors or other interested parties.  By allowing the parties to litigate the claims that are the subject of the Class Action in a single venue, stay relief would benefit the creditors and other interested parties through time and cost savings.  Two separate lawsuits would likely result in increased attorney's fees, costs, discovery, motion practice, trial preparation and time to resolution for all those involved.  Whether the claims against the Debtor are determined in state court or the bankruptcy court, the claims need to be liquidated.  The best course of action is to allow the claims to be liquidated in the most efficient way possible, i.e., as part of the Class Action.

**E.    Cause exists to grant stay relief because stay relief would advance the interests of judicial economy.**

As described in detail in Subsections A-D above, stay relief for the Class Action to be wholly litigated in the state complex court would advance the interests of judicial economy—all the claims would be resolved in one venue; the case would be presided over by the state complex court; and attorney's fees, costs, discovery, motion practice, and trial preparation would not be duplicated by two separate actions.

**F.    Cause exists to grant stay relief because the balance of hardships weighs in favor of the Class Action being litigated in the state complex court.**

Stay relief would benefit all interested parties and presents no real hardships.  Movant would be able to resolve all of her claims in one action.  The Debtor would likely benefit from sharing the cost of defense with Alimante Perez and Mirian Garcia in the Class Action and not have to separately retain employment lawyers to represent the Debtor in a separate adversary proceeding.  The Debtor would also likely need two sets of lawyers for an adversary proceeding—employment lawyers and bankruptcy lawyers who are familiar with bankruptcy procedure.

///

///

///

IV.    **ALTERNATIVELY, MOVANT REQUESTS AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO NON-DEBTOR CO-DEFENDANTS ALMIRANTE PEREZ AND MIRIAN GARCIA FOR CLAIMS UNDER FLSA**

If the Court does not grant relief from stay, Movant requests in the alternative an order confirming that the automatic stay does not apply to the non-debtor co-defendants, Almirante Perez and Mirian Garcia and that proceeding against Perez and Garcia in the Class Action would not violate the automatic stay.

"As a general rule '[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *In re Chugach Forest Products, Inc.* 23 F.3d 241, 246 (9th Cir. 1994) (citations omitted).

As to claims under the Federal Labor Standards Act (such as the cause of action alleged against Almirante Perez and Mirian Garcia) in particular, the Ninth Circuit has held that "managers are independently liable under the FLSA, and that the automatic stay has no effect on that liability." *Boucher v. Shaw,* 572 F.3d 1087, 1093 (9th Cir. 2009). "[I]ndividual managers can be held liable under the FLSA even after the corporation has filed bankruptcy." *Id.* at 1094 (citing *Donovan v. Agnew,* 712 F.2d 1509, 1511, 1514 (1st Cir. 1983); and *Chung v. New Silver Palace*, 246 F.Supp.2d 220, 226 (S.D.N.Y. 2002) ("The automatic stay…affects only [the debtor]; it does not apply to plaintiff's [FLSA] claims against the [debtor]'s non-debtor co-defendants.").

An order confirming that the automatic stay does not apply to Almirante Perez and Mirian Garcia is appropriate here.

V.    **CONCLUSION**

Relief from stay should be granted because the Class Action in the state complex court is the most efficient way to resolve the issues and to liquidate the employment law claims against the Debtor.

Movant therefore requests:

1.    Relief from stay pursuant to 11 U.S.C. § 362(d)(1);

2.  That Movant be allowed to prosecute the Class Action to final judgment in state court provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate;

3.  That the 14-day stay prescribed by FRBP 4001(a)(3) is waived.

In the alternative, if the Court does not grant relief from stay, Movant requests an order confirming that the automatic stay does not apply to the non-debtor co-defendants in the Class Action, Almirante Perez and Mirian Garcia, for claims under FLSA and that proceeding against Perez and Garcia for this claim would not violate the automatic stay.

DATED:  November 21, 2017               HARBOR LAW PLLC
                                        By:  _____*/s/ Angie Lee*_____
                                        ANGIE LEE
                                        Attorney for Movant Marcela Ramirez

## **DECLARATION OF SAM KIM**

I, Sam Kim, declare as follows:

1.      That I am an attorney at law duly licensed to practice law before all of the Courts of the State of California, and that I am a partner of Verum Law Group, APC, attorneys of record for Marcela Ramirez ("Movant") and all other class members in the class action lawsuit captioned *Marcela Ramirez, on behalf of herself and all others similarly situated v. Southern Pacific Janitorial Group, Inc., Almirante Perez, Mirian Garcia, and DOES 1-20, inclusive* (San Bernardino Superior Court Case No. CIVDS1715508) (the "Class Action").  I have personal knowledge of the following facts and, if called upon as a witness, I could, and would competently testify thereto.

2.      Movant seeks relief from the automatic stay as to Debtor Southern Pacific Janitorial Group, Inc. ("Debtor") and Debtor's bankruptcy estate with respect to the Class Action.  The Class Action arises out of the Debtor's and its owners Alimante Perez and Mirian Garcia's ("Defendants" collectively) failure to comply with state and federal wage and hour laws.

3.      The operative First Amended Complaint filed in the Class Action alleges, among other things, that: (1) Defendants failed to pay overtime mandated by federal law; (2) the Debtor failed to pay state and federal mandated minimum wages for all hours worked; (3) the Debtor failed to pay overtime wages for all overtime hours worked; (4) the Debtor failed to provide meal periods; (5) the Debtor failed to provide paid rest periods; (6) the Debtor failed to timely furnish accurate itemized wage statements; (7) the Debtor violated *Labor Code* § 201 which requires an employer to pay a terminated employee all unpaid wages immediately upon termination; and (8) the Debtor conducted unfair business practices.  A true and correct copy of the First Amended Complaint is attached hereto as Exhibit 1 and is incorporated by reference herein.

///

///

///

///

4.      The Class Action was filed against the Debtor on August 6, 2017.  On October 11, 2017, the Class Action was amended to include non-debtor individuals Alimante Perez and Mirian Garcia.  On October 26, 2017, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code.  On October 27, 2017, the Debtor filed a notice of bankruptcy stay in the Class Action.

5.      Movant requests relief from stay so that she, as class representative, may proceed against the Debtor and its owners in one-single action in the state complex court.  Requiring litigation in two separate courts would present an unnecessary undue burden to the parties and this Court.

6.      In the alternative, if the Court does not grant relief from stay, Movant requests an order confirming that the automatic stay does not apply to the non-debtor co-defendants in the Class Action, Almirante Perez and Mirian Garcia for claims under the FLSA, and that proceeding against Perez and Garcia for this claim would not violate the automatic stay.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21 day of November, 2017 at El Segundo, California.

_____
Sam Kim, Declarant

10

Exhibit 1

From: Sam Kim    Fpx: (424) 320-2000    To:    Fax: (909) 708-9586    3 of 29 10/10/2017 4:31 PM

Sam Kim [SBN 258467]
Yoonis Han [SBN 256151]
**VERUM LAW GROUP, APC**
841 Apollo Street, Suite 340
El Segundo, CA 90245
Telephone: (424) 320-2000
Facsimile: (424) 221-5010
skim@verumlg.com

Anthony Choe [SBN 259129]
**LAW OFFICES OF ANTHONY CHOE**
3700 Wilshire Boulevard, Ste 260
Los Angeles, CA 90010
Telephone: (213) 788-4448
Facsimile: (213) 788-4450

Attorneys for Plaintiff MARCELA RAMIREZ and all other similarly situated persons

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 1 1 2017

BY_____
JASMIN CASILLAS, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| MARCELA RAMIREZ, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN PACIFIC JANITORIAL GROUP, INC., a California corporation; ALMIRANTE PEREZ, an individual; MIRIAN GARCIA, an individual, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. CIVDS1715508<br><br>Assigned for All Purposes to:<br>*The Hon. David Cohn*<br>Dept.: S-26<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Overtime Under Fair Labor Standards Act 29 U.S.C. § 201 *et seq.*<br>2) Recovery of Unpaid Wages;<br>3) Recovery of Unpaid Overtime Wages;<br>4) Failure to Provide Meal Periods;<br>5) Failure to Provide Rest Periods;<br>6) Failure to Timely Furnish Accurate Wage Statements;<br>7) Violations of Labor Code § 203 *et seq.*;<br>8) Unfair Business Practices<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MARCELA RAMIREZ, as an individual on behalf of herself, and all others

similarly situated hereby file this Complaint against Defendant SOUTHERN PACIFIC

JANITORIAL GROUP, INC.; Defendant ALMIRANTE PEREZ; Defendant MIRIAN

1

FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim        Fax: (424) 320-2000        To:        Fax: (909) 708-8586        4 of 29 10/10/2017 4:31 PM

1  GARCIA and DOES 1 to 20 (hereinafter collectively referred to as "Defendants"). Plaintiff is

2  informed and believes, and on the basis of that information and belief, alleges as follows:

3                                               I.

4                                   **INTRODUCTION**

5        1.      This is a civil action seeking recovery of unpaid monies, wages and penalties for

6  Defendants' violations of California *Labor Code* ("Labor Code") §1194, et seq., *Labor*

7  *Code* §200, et seq., Labor Code §500, et seq., California *Business and Professions*

8  *Code* ("B&PC") § 17000 et seq. and §17200, et seq., the applicable Wage Order(s) issued by

9  the California Industrial Welfare Commission (hereinafter, the *"IWC Wage Order(s)"*) and

10  related common law principles.  The First Cause of Action is brought as a collective action

11  pursuant to FLSA, 29 U.S.C. §§ 201 *et seq*. The remaining claims are brought as a class action

12  pursuant to § 382 of the California Code of Civil Procedure and within the Court's jurisdiction.

13        2.      Plaintiff's action seeks monetary damages, including full restitution from

14  Defendants as a result of Defendants' unlawful, fraudulent and unfair business practices

15        3.      The acts complained of herein occurred, occur and will occur, at least in part,

16  within the time period from four (4) years preceding the filing of the original Complaint herein,

17  up to and through the time of trial for this matter (hereinafter, the "relevant time period").

18                              **RELEVANT JOB TITLES**

19        4.      The relevant job titles in this action are:

20             a.   Defendants' California-based non-exempt "janitorial" positions during the

21                  relevant time period (hereinafter including any of Defendants' job positions with

22                  substantially similar titles and duties) ("Janitors").

23        5.      The obligations and responsibilities of Defendants' Janitor positions are virtually

24  identical from region to region, district to district, facility to facility, and employee to

25  employee. Any differences in job activities between the different individuals in these positions

26  were and are legally insignificant to the issues presented by this action.

27        6.      Any differences in job activities between the different individuals in Defendants'

28  Janitor positions were and are legally insignificant to the issues presented by this action.

2

**FIRST AMENDED CLASS ACTION COMPLAINT**

From: Sam Kim .      -Fax: (424) 320-2000       To:      .      . Fax: (909) 708-8586       e 5 of 29 10/10/2017 4 31 PM

7.      Plaintiff seeks to represent, "All current and former non-exempt Janitor employees, who work or worked for Defendants during the relevant time period." ("Class Members").

## SUMMARY OF CLAIMS

8.      With regard to Class Members, Defendants have:

    a.   Failed to pay overtime mandated by federal law;

    b.   Failed to pay state and federal mandated minimum wages for all hours worked;

    c.   Failed to pay overtime wages for all overtime hours worked;

    d.   Failed to provide meal periods;

    e.   Failed to provide paid rest periods;

    f.   Failed to timely furnish accurate itemized wage statements;

    g.   Violated *Labor Code §203*; and;

    h.   Conducted unfair business practices.

## II.

## THE PARTIES

## REPRESENTATIVE PLAINTIFF

9.      Plaintiff MARCELA RAMIREZ ("Plaintiff" or "Plaintiff Ramirez") is an individual over the age of eighteen (18) and is now and/or at the times mentioned in this Complaint was a resident of the State of California.

10.      Plaintiff Ramirez began worked for Defendants between from approximately December 2015 until January of 2017.

## DEFENDANTS

11.      Defendant SOUTHERN PACIFIC JANITORIAL GROUP, INC. ("SPJ") is now and/or at all times mentioned in the relevant time period a California corporation and the owner and/or operator of an industry, business, and/or facility licensed to do business and actually doing business in the State of California by providing janitorial and medical office cleaning services.

12.      Defendant ALMIRANTE PEREZ, an individual, is now and/or at all times mentioned in this Complaint was a corporate agent of Defendant SPJ., who had economic

3<br>FIRST AMENDED CLASS ACTION COMPLAINT

 
control or exercised control over the nature and structure of the employment relationship between the Janitor employees and Defendant SPJ.

13.    Defendant MIRIAN GARCIA, an individual, is now and/or at all times mentioned in this Complaint was a corporate agent of Defendant SPJ., who had economic control or exercised control over the nature and structure of the employment relationship between the Janitor employees and Defendant SPJ.

## DOES 1 TO 20 INCLUSIVE

14.    DOES 1 to 20, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California.

15.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 20, inclusive and for that reason, DOES 1 to 20 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

16.    Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

## ALL DEFENDANTS

17.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

18.    Defendants proximately caused Plaintiff, all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

19.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or a all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

4

**FIRST AMENDED CLASS ACTION COMPLAINT**

20.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

21.     Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

22.     Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

23.     Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

24.     There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants and Does 1-20, such that any individuality and separateness between each Defendant has ceased, and Defendants are the alter ego of one another, and Defendants are, and at all times herein mentioned was, a mere shell, instrumentality, and conduit of one another, and carried on its business, exercising complete control and dominance over one another to such an extent that any individuality or separateness of one Defendant to another does not exist.

## III.

## JURISDICTION AND VENUE

25.     The California Superior Court has jurisdiction in this matter due to Defendants' violations of *Labor Code §201, et seq., Labor Code §500, et seq., Labor Code §1194, B&PC § 17200, et seq.,* the *IWC Wage Order(s)* and related common law principles.

26.     The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the

5
FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim  .Fax: (424) 320-2000  To: . . Fax: (909) 708-8586  e 8 of 29 10/10/2017 4:31 PM

1  minimal jurisdictional limits of the Superior Court and will be established at trial, according to

2  proof.

3       27.    Venue is proper in San Bernardino County pursuant to *CCP §395(a)*

4  and *CCP §395.5* in that liability arose there because at least some of the transactions that are

5  the subject matter of this Complaint occurred therein and/or each Defendant either is found,

6  maintains offices, transacts business, and/or has an agent therein.

7  **V.**

8  **COMMON FACTUAL ALLEGATIONS**

9       28.    This case arises out of Defendants' failure to comply with California's wage and

10  hour laws. At all relevant times identified herein, Defendants' compensation schemes did not

11  fairly or lawfully compensate Plaintiff and those similarly situated employees for all hours

12  worked.

13       29.    Plaintiff and those similarly situated employees are current and former janitors

14  of Defendants' business during the relevant time period.  Defendant operates a commercial

15  cleaning company that contracts for janitorial services and medical office cleaning.

16       30.    During the relevant time period, Class Members were not compensated for all

17  hours worked, including minimum wage, regular and overtime wages.

18       31.    Defendants implemented a common practice or policy of failing to compensate

19  Class Members for all overtime hours worked.  During the relevant time period, Class

20  Members worked shifts greater than 10 hours during a workday (i.e. 9:00 p.m. to 6:00 a.m. at

21  the Toys R Us location in Hawthorne, California and immediately starting another shift at

22  Baby's R Us location in Van Nuys at 6:30 a.m. to 10:30 a.m.)  Despite working overtime (and

23  double time) hours, Class Members received wages at their straight regular rate of pay.

24       32.    Defendants further implemented a common practice or policy of failing to

25  provide Class Members with proper wage statements, which often did not include: (1) the

26  employee's full name, home address, occupation, social security number, employee's date of

27  birth, and time records showing when the employee begins and ends each work period; (2) an

28  employee's meal periods; (3) total wages paid each payroll period; and (4) total hours worked

6<br>**FIRST AMENDED CLASS ACTION COMPLAINT**

 
during the payroll period and applicable rates of pay.

33.   As a result, Defendants' failed to pay Class Members for each hour worked, and violated, among others, Labor Code §§ 204, 223, 510, 1194, 1197, IWC Wage Order 16-2001, and the Unfair Competition Laws pursuant to Business and Professions Code §§ 17200 *et seq.* (UCL).

34.   Moreover, as a matter of policy and/or practice, Defendants' compensation scheme failed to pay Class Members' their minimum wages, because Class Members worked hours while employed by Defendants without receiving any compensation. The failure to pay Class Members' minimum wages for each hour worked violates, among others, Labor Code §§ 1194, 1197, IWC Wage Order 16-2001, and the UCL.

35.   Defendants' pay plan also deprived the Class Members of mandated overtime compensation that the Class Members were due for working in excess of eight hours in one day and forty hours during the week. Within the relevant time period, Defendants failed to pay Class Members for all premium wages owed for overtime hours worked, either at one and one-half times the regular rate of pay for hours in excess of 8 per day or 40 per week, or twice the amount of the regular rate of pay for hours in excess of 12 per day. As a matter of policy and/or practice, Defendants' failure to pay overtime compensation violates, among others, Labor Code §§ 510 and 1194, IWC Wage Order 16-2001, and the UCL.

36.   Defendants also adopted, implemented and enforced uniform meal period policies that are not lawful under California law. As an example, Defendants failed to provide Class Members with their first and second meal breaks. Defendants also failed to provide timely meal periods.

37.   As a result, Defendants' failure to permit and provide Class Members meal periods as described herein violates, among others, Labor Code §§ 226.7 and 512, IWC Wage Order 16-2001, and the UCL

38.   Defendants further adopted, implemented and enforced uniform rest period policies that are not lawful under California law. As a matter of policy and/or practice, therefore, Defendants failed to provide Class Members with a duty-free rest period of 10

7

**FIRST AMENDED CLASS ACTION COMPLAINT**

From: Sam Kim .        Fax: (424) 320-2000         To:        .        . Fax: (909) 708-8586        10of 29 10/10/2017 4:3  PM

minutes for shifts from three and one-half to six hours of work, 20 minutes' rest for shifts of more than six hours up to 10 hours, and 30 minutes' rest for shifts of more than 10 hours up to 14 hours of work. Based on this unlawful policy and/or practice, Defendants failed to pay Class Members one hour of pay at their regular rate of pay for each workday that a proper rest period was not provided.

39.    The failure to permit and provide rest periods violates, among others, Labor Code § 226.7, IWC Wage Order 16-2001, and the UCL.

40.    As a matter of policy and/or practice, Defendants further failed to provide wage statements which accurately showed actual hours worked and wages.

41.    The failure to provide accurate itemized wage statements violates, among others, Labor Code § § 226 and 1174, IWC Wage Order 16-2001, and the UCL.

42.    Defendants further willfully failed and refused to timely pay all compensation due and owing to Class Members whose employment terminated during the relevant time period, as required by Labor Code §§ 201 and 202. As such, Defendants are liable for accrued wages due, and waiting time penalties owed in accordance with Labor Code § 203.

43.    Plaintiff, moreover, seeks for herself and all others similarly situated, restitution, injunctive relief and penalties under the UCL based on violations of the California Labor Code and IWC Wage Order 16-2001.

## VI.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

44.    Plaintiff incorporates the above paragraphs of this complaint as if fully alleged herein.  Plaintiff bring the first cause of action as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of the following class of persons, ("FLSA Class"):

a. All persons who were employed as non-exempt Janitors by Defendants in California during any part of the time period beginning three years prior to the filing of the initial complaint and who elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216 (b) ("FLSA Class").

8
FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim   . Fax: (424) 320-2000   To:   Fax: (909) 708-8586   ge 11of 29 10/10/2017 4:31 PM

45.     Plaintiff also brings this action on behalf of herself and all others similarly situated, as a class action pursuant to California Code of Civil Procedure §382. The classes and sub-classes that the Plaintiff seeks to represent are composed of and defined as follows:

### Class Definition ("Class Members"):

All current and former non-exempt employees who were classified as Janitors (as defined above), who work or worked for Defendants during the relevant time period.

### Subclass I (Unpaid Wage Subclass):

All current and former non-exempt employees who were classified as Janitors (as defined above), who work or worked for Defendants during the relevant time period and who were not compensated all minimum wage, regular, and overtime wages.

### Subclass II (Overtime Subclass):

All current and former non-exempt employees who were classified as Janitors (as defined above), who work or worked for Defendants during the relevant time period, who were not compensated proper overtime under California law.  (i.e. 1.5 times or 2 times the regular rate)

### Subclass III (Late Meal Period Subclass):

All current and former non-exempt employees who were classified as Janitors (as defined above), who work or worked for Defendants during the relevant time period, who were not provided a 30-minute duty free meal period within the first five (5) hours of the beginning of their shift.

### Subclass IV (Second Meal Period Subclass):

All current and former non-exempt employees who were classified as Janitors (as defined above), who work or worked for Defendants during the relevant time period, who were not provided a second 30 minute duty-free meal period after ten (10) hours of work.

### Subclass V (General Meal Period Subclass):

All current and former non-exempt employees who were classified as Janitors (as defined above), who work or worked for Defendants during the relevant time period, and who worked shifts in excess of five hours and less than ten hours and who were not provided with a 30 minute duty free meal period. (The Late Meal Period Subclass, Second Meal Period Subclass, and General Meal Period Subclass are hereinafter referred to as the Meal Period Subclasses.)

### Subclass VI (Rest Period Subclass):

All current and former non-exempt employees who were classified as Janitors (as defined above), who work or worked for Defendants during the relevant time period, who worked shifts

9

FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim    Fax: (424) 320-2000     To.    Fax: (909) 708-8586    12 of 29 10/10/2017 4:31 PM

in excess of three and one-half hours and who were not permitted to take 10 minute dut y free rest periods for every 4 hours of work or major fraction thereof.

### Subclass VII (Itemized Wage Statement Subclass)

All current and former non-exempt employees who were classified as Janitors (as defined above), who work or worked for Defendants during the relevant time period, who received an itemized wage statement that failed to comply with Labor Code § 226.

### Subclass VIII (Waiting Time Penalty Subclass):

All current and former non-exempt employees who were classified as Janitors (as defined above), who work or worked for Defendants during the relevant time period, who did not receive all wages due as a result of Defendants' enforcement of their uniform policies by willfully failing to pay for all wages due upon separation from their employment.

### Subclass IX (Minimum Wage Subclass):

All current and former non-exempt employees who were classified as Janitors (as defined above), who work or worked for Defendants during the relevant time period, who were not compensated minimum wage.

### Subclass X (Unfair Competition Subclass)

All current and former non-exempt employees who were classified as Janitors (as defined above), who work or worked for Defendants during the relevant time period, and to whom Defendants conducted unlawful, unfair and/or fraudulent business practices.

46.     The Class Members, Unpaid Wage Subclass, Overtime Subclass, Meal Period Subclasses, Rest Period Subclass, Itemized Wage Statement Subclass, Waiting Time Penalty Subclass, Minimum Wage Subclass, and Unfair Competition Subclass are hereinafter referred to herein as the "Classes."

47.     Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Classes. In any event, Plaintiff will formally define and designate a class definition at such time when Plaintiff seeks to certify the Classes alleged herein.

48.     *Numerosity* (Code of Civil Procedure (CCP) § 382):

    a.   The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible or impractical;

    b.   The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;

10
FIRST AMENDED CLASS ACTION COMPLAINT

 
c.  The quantity and identity of such membership of the Classes is readily
    ascertainable via inspection of Defendants' records.

49.  *Superiority* (CCP § 382): The nature of this action and the nature of the laws
available to Plaintiff make the use of the class action format particularly efficient and the
appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein, as follows:

a.  California has a public policy which encourages the use of the class action
    device;

b.  By establishing a technique whereby the claims of many individuals can be
    resolved at the same time, the class suit both eliminates the possibility of
    repetitious litigation and provides small claimants with a method of obtaining
    redress for claims which would otherwise be too small to warrant individual
    litigation;

c.  This case involves relatively large corporate Defendants and numerous
    individual class members with many relatively small claims and common issues
    of law and fact;

d.  If each individual member of the Classes was required to file an individual
    lawsuit, the corporate Defendants would necessarily gain an unconscionable
    advantage because Defendants would be able to exploit and overwhelm the
    limited resources of each individual member of the Classes with Defendants'
    vastly superior financial and legal resources;

e.  Requiring each individual member of the Classes to pursue an individual
    remedy would also discourage the assertion of lawful claims by the members of
    the Classes who would be disinclined to pursue an action against Defendants
    because of an appreciable and justifiable fear of retaliation and permanent
    damage to their lives, careers and well-being;

f.  Proof of a common business practice or factual pattern, of which the members of
    the Classes experienced, is representative of the Classes herein and will establish
    the right of each of the members of the Classes to recover on the causes of

11

**FIRST AMENDED CLASS ACTION COMPLAINT**

From: Sam Kim      . Fax: (424) 320-2000         To:      .      . Fax: (909) 708-8586         age 14of 29 10/10/2017 4:31 PM

1    action alleged herein;

2    g.  Absent class treatment, the prosecution of separate actions by the individual

3        members of the Classes, even if possible, would likely create:

4        i.  a substantial risk of each individual plaintiff presenting in separate,

5            duplicative proceedings the same or essentially similar arguments and

6            evidence, including expert testimony;

7        ii.  a multiplicity of trials conducted at enormous expense to both the

8            judicial system and the litigants;

9        iii.  inconsistent or varying verdicts or adjudications with respect to the

10           individual members of the Classes against Defendants;

11       iv.  potentially incompatible standards of conduct for Defendants; and

12       v.  potentially incompatible legal determinations with respect to individual

13           members of the Classes which would, as a practical matter, be

14           dispositive of the interest of the other members of the Classes who are

15           not parties to the adjudications or which would substantially impair or

16           impede the ability of the members of the Classes to protect their

17           interests.

18   h.  The claims of the individual members of the Classes are not sufficiently large to

19       warrant vigorous individual prosecution considering all of the concomitant costs

20       and expenses attendant thereto;

21   i.  Courts seeking to preserve the efficiency and other benefits of class actions

22       routinely fashion methods to manage any individual questions; and

23   j.  The Supreme Court of California urges trial courts, which have an obligation to

24       consider the use of innovative procedural tools to certify a manageable class, to

25       be procedurally innovative in managing class actions.

26   50.   *Well-defined Community of Interest:* Plaintiff also meets the established

27   standards for class certification as follows:

28   a.  *Typicality:* The claims of Plaintiff is typical of all members of the Classes she

12
FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim .    Fax: (424) 320-2000     To·    .    . Fax: (909) 708-8588     16 of 29 10/10/2017 4 .:1 PM

seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of the law, as alleged herein.

b. *Adequacy:* Plaintiff Ramirez:

    vi. is an adequate representative of the Class she seeks to represent;

    vii. will fairly protect the interests of the members of the Classes;

    viii. have no interests antagonistic to the members of the Classes; and

    ix. will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c. *Predominant Common Questions of Law or Fact:* There are common questions of law and fact as to the Classes which predominate over questions affecting only individual members. Defendants, for instance, have adopted, implemented and enforced during the relevant time period an unlawful pay plan that fails to pay Class Members the proper overtime under California law. Defendants also have uniform policies and practices that fail to provide a 30 minute duty-free meal period for the first five hours of work, and fail to provide for rest periods for every four hours of work or major fraction thereof. Defendants have further adopted, implemented, and enforced other uniform policies and procedures that do not fairly compensate Class Members for their wages, that should be decided on a class-wide basis, including, without limitation:

    x. Whether Defendants' compensation plan is unlawful;

    xi. Whether Defendants required or knowingly permitted Class Members to forego meal breaks in violation of California Labor Code §§ 226.7 and 512, and IWC Wage Order 16-2001 as alleged herein;

    xii. Whether Defendants' provided Class Members a duty-free meal period within the first five (5) hours of work and/or a second duty-free meal period after ten (10) hours of work;

13
FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim    •  Fax: (424) 320-2000     To:          •   Fax: (909) 708-8588  ge 16 of 29 10/10/2017 4:31 PM

xiii.   Whether Defendants violated IWC Wage Order 16-2001 by failing to
        provide Class Members a duty-free rest period for every four hours of
        work or major fraction thereof;

xiv.    Whether Defendants violated California Labor Code § 510 and IWC
        Wage Order 16-2001 by failing to pay overtime compensation to all
        Class Members for hours in excess of eight (8) hours per workday or in
        excess of forty (40) hours per workweek;

xv.     Whether Defendants violated California Labor Code § 226(a) by failing
        to furnish to Class Members proper itemized wage statements as alleged
        herein;

xvi.    Whether Defendants engaged in unfair business practices;

xvii.   Whether Defendants and each of them was/were participants in the
        alleged unlawful and/or tortious conduct;

xviii.  Whether Defendants' conduct was willful or reckless;

xix.    Whether Plaintiff and the members of the Classes are entitled to seek
        recovery of penalties for the Labor Code and IWC Wage Order
        violations alleged herein;

xx.     Whether Defendants violated California Labor Code §§ 201 and 202 by
        failing to timely pay Class Members all wages due at the conclusion of
        their employment relationship as alleged herein;

xxi.    Whether Defendants violated California Labor Code §§ 1194 and 1197
        by failing to pay minimum wages to all Class Members for all hours
        worked as alleged herein;

xxii.   Whether Defendants violated California Labor Code §§ 1194 and 1197
        by failing to pay wages to all Class Members for each hour worked as
        alleged herein;

xxiii.  Whether the members of the Classes are entitled to compensatory
        damages, and if so, the means of measuring such damages;

14

FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim    . Fax: (424) 320-2000  To:   ,    . Fax: (909) 708-8588  age 17 of 29 10/10/2017 4:31 PM

xxiv.   Whether the members of the Classes are entitled to injunctive relief;

xxv.   Whether the members of the Classes are entitled to restitution; and

xxvi.   Whether Defendants are liable for attorneys' fees and costs.

51.   The members of the Classes are commonly entitled to a specific and designated fund with respect to monies illegally and unfairly retained by Defendants, and are entitled in common to restitution and disgorgement of those funds being improperly withheld by Defendants. This action is brought for the benefit of all members of the Classes. Whether each members of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action.

## FIRST CAUSE OF ACTION

### (Fair Labor Standards Act – Overtime Wages)

### (Plaintiff against All Defendants)

34.   Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

35.   Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

36.   At all times relevant, Plaintiff and the members of the Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 §§ 206(a) and 207(a).

37.   The overtime wage provisions set forth in the FLSA apply to Defendants and ensure protection to Plaintiffs and the Class.

38.   Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

39.   At all times relevant, Plaintiff and the members of the Class were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

40.   Defendants employed and employ Plaintiff and the members of the Class as their employer.

15
FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim    · Fox: (424) 320-2000   To:     .  Fax: (909) 708-8586   ge 18of 29 10/10/2017 4:31 PM

41. Defendants failed to pay Plaintiff and the members of the Class the overtime wages to which they are entitled under the FLSA.

42. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

43. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the Class.

44. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

45. As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. 201 et seq.

## SECOND CAUSE OF ACTION

**(Failure to Pay Wages in Violation of California Labor Code §§ 200 *et seq.*, 1194 and IWC Wage Order No. 16-2001) (Plaintiff against All Defendants)**

52. Plaintiff, on behalf of herself and all class members, hereby incorporates the preceding paragraphs as though fully set forth herein.

53. California Labor Code Sections 200 *et seq.*, including 204a and 204b, establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion.

54. Pursuant to Labor Code Sections 218 and 1194, Plaintiff and all members of the Classes may bring a civil action for unpaid wages directly against Defendants without first filing a claim with the Division of Labor Standards Enforcement and may recover such wages, together with interest thereon, penalties, attorneys' fees and costs.

55. At all relevant times, Plaintiff and all members of the Unpaid Wage Subclass identified herein operated exclusively within the State of California, and Defendants required Plaintiff and the Unpaid Wage Subclass members to perform work without compensation in

16
FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim        Fax: (424) 320-2000         To:        Fax: (909) 708-9588         19 of 29 10/10/2017 4:31 PM

violation of the IWC Wage Order No. 16-2001 and the California Labor Code. Defendants have adopted and implemented unlawful compensation policies, practices and procedures that, among other things, did not pay Plaintiff and members of the Unpaid Wage Subclass for all of their time worked. Moreover, Defendants required, suffered and/or permitted Plaintiff and the Unpaid Wage Subclass members to perform uncompensated "off the clock" work, so that their work was not accounted for accurately or completely.

56.    Defendants knowingly and intentionally failed to pay Plaintiff and the Unpaid Wage Subclass members for these wages due. As a result, Plaintiff and the Unpaid Wage Subclass members have suffered compensatory damages and are owed wages for the work they performed without compensation.

57.    Pursuant to Labor Code Section 218.6, Labor Code Section 1194(a), and Civil Code Section 3287, Plaintiff and the Unpaid Wage Subclass members seek recovery of pre-judgment interest on all amounts recovered herein.

58.    Pursuant to Labor Code Section 218.5 and/or Labor Code Section 1194(a), and the common fund doctrine, Plaintiff and the Unpaid Wage Subclass members further request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

### THIRD CAUSE OF ACTION

**(Non-Payment of Overtime Compensation in Violation of California Labor Code §§ 510(a), 1194, and IWC Wage Order No. 16-2001) (Plaintiff against Defendant SPJ)**

59.    Plaintiff, on behalf of herself and all class members, hereby incorporates the preceding paragraphs as though fully set forth herein.

60.    Plaintiff herein worked more than 8 hours per day and/or 40 hours per week, but did not receive overtime wages for these hours. Plaintiff is informed and believes, and based thereon alleges, that all members of the Overtime Subclasses also worked more than 8 hours per day and/or 40 hours per week, but did not receive overtime wages for these hours, based upon Defendants' uniform policy not to pay for overtime even though such overtime hours were worked. Amounts for overtime hours were earned by Plaintiff and the members of the Overtime Subclasses throughout their employment with Defendants, and were due and payable

17
FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim .      . Fax: (424) 320-2000       To:      .      . Fax: (909) 708-8586      

during employment and upon their discharge from Defendants.

61.    California Labor Code 510(a) and IWC Wage Order No. 16-2001 regulating payment of wages in the state of California, provide that eight (8) hours of labor constitutes a day's work and any work in excess of eight (8) hours in one (1) workday and any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee and any work in excess of twelve (12) hours in any one workday shall be compensated at the rate of no less than twice the regular rate of pay for each employee.

62.    California Labor Code Section 558 and IWC Wage Order No. 16-2001, state, in pertinent part, that any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of any provision regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Pursuant to this code section and/or wage order, Plaintiff and the members of the Overtime Subclasses are entitled to civil penalties for each pay period in which Defendants underpaid their wages as set forth herein.

63.    California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

64.    Plaintiff and the members of the Overtime Subclasses request that the Court award them interest on all unpaid wages at the legal rate specified by California Civil Code § 3289(b), accruing from the date the wages were due and payable pursuant to Labor Code § 218.6. Plaintiff and members of the Overtime Subclasses further request that this Court award reasonable attorneys' fees and costs incurred in this action pursuant to Labor Code §§ 1194(a),

18
FIRST AMENDED CLASS ACTION COMPLAINT


2699, and pursuant to the common fund doctrine.

### FOURTH CAUSE OF ACTION

**(Failure to Provide Proper Meal Periods in Violation of California Labor Code §§ 512, 226.7, and IWC Wage Order 16-2001) (Plaintiff against Defendant SPJ)**

65.   Plaintiff, on behalf of herself and all class members, hereby incorporates the preceding paragraphs as though fully set forth herein.

66.   California Labor Code § 512 and IWC Wage Order 16-2001 state that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee a meal period of not less than 30 minutes, and an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes. Wage Order 16-2001 states that unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. California Labor Code § 226.7, subd. (a) further states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

67.   Pursuant to Labor Code section 512 and Wage Order 16, an employer is required to provide a first meal period no later than the end of an employee's fifth hour of work, and a second meal period no later than the end of an employee's 10th hour of work. Moreover, an employer is prohibited from exerting coercion against the taking of, creating incentives to forego, or otherwise encouraging the skipping of legally protected breaks.

68.   Plaintiff and members of the Meal Period Subclasses were not provided with or given the opportunity to take the requisite meal periods before the end of the first 5 hours of work, nor were they provided with or given the opportunity to take a proper second meal period

### FIFTH CAUSE OF ACTION

**(Failure to Provide Proper Rest Periods in Violation of California Labor Code § 226.7 and IWC Wage Order 16-2001) (Plaintiff against Defendant SPJ)**

69.   Plaintiff, on behalf of herself and all class members, hereby incorporates the preceding paragraphs as though fully set forth herein.

70.     IWC Wage Order 16-2001 states that every employer shall authorize and permit all employees to take rest periods. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours of work, or major fraction thereof. An employer must provide employees with 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.

71.     Plaintiff and the Rest Period Subclass members were regularly not provided with the opportunity to take a duty-free, ten minute rest period for every four hours of work, or a major fraction thereof.

72.     Pursuant to California Labor Code § 226.7(b) and IWC Wage Order 16-2001 if an employer fails to provide an employee a rest period in accordance with the applicable provisions of IWC Wage Order 16-2001, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

73.     As such, Plaintiff and the Rest Period Subclass members are entitled to an additional one hour's pay for each day in which they were not provided a proper rest period under the above-described authorities.

74.     California Labor Code § 558 states that any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of any provision regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($ 100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Pursuant to this code section, Plaintiff, as well as members of the Rest Period Subclass are entitled to civil penalties for each pay period in which Defendants underpaid their wages as set forth herein.

75.     Plaintiff and the members of the Rest Period Subclass request that the Court

From: Sam Kim   Fax: (424) 320-2000    To:   Fax: (909) 708-8586    23 of 29 10/10/2017 4:31 PM

1  award interest on all unpaid wages at the legal rate specified by California Civil Code §

2  3289(b), accruing from the date the wages were due and payable pursuant to Labor Code §

3  218.6.

## SIXTH CAUSE OF ACTION

**(Failure to Properly Maintain and Submit Itemized Wage Statements In Violation of**

**California Labor Code §§ 226, 1174, and IWC Wage Order No. 16-2001) (Plaintiff against**

**Defendant SPJ)**

8      76.    Plaintiff, on behalf of herself and all class members, hereby incorporates the

9  preceding paragraphs as though fully set forth herein.

10      77.    California Labor Code §§ 226, 1174, and/or IWC Wage Order 16-2001 require

11  employers to maintain and provide its employees accurate time and employment records, as

12  well as itemized wage statements showing, among other things, gross wages earned, the total

13  hours worked by the employee, all deductions, net wages earned, all applicable hourly rates in

14  effect during the pay period and the corresponding number of hours worked at each hourly rate

15  by the employee. Furthermore, Wage Order No. 16-2001 and Labor Code § 226 requires every

16  employer to keep accurate information with respect to each employee, including: (1) the

17  employee's full name, home address, occupation, social security number, employee's date of

18  birth, and time records showing when the employee begins and ends each work period; (2) an

19  employee's meal periods; (3) total wages paid each payroll period; and (4) total hours worked

20  during the payroll period and applicable rates of pay; and (5) when an employee is paid by the

21  piece-rate, the piece-rate formula and the number of pieces completed.

22      78.    Defendants failed to properly maintain itemized wage statements in that, among

23  other things, the wage statements provided do not set forth an accurate showing of actual hours

24  worked, an accurate showing of wages, the meal periods taken, the piece-rate formula, number

25  of pieces completed, and other related information required by California law. Moreover,

26  Defendants failed to timely submit upon request adequate itemized wage statements of Plaintiff

27  as required by the above-referenced laws and regulations. Plaintiff is informed and believes that

28  said failure was knowingly and intentional by Defendants as Defendants sought to deprive

21

FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim      . Fax: (424) 320-2000           To:           . Fax: (909) 708-8586           ge 24 of 29 10/10/2017 4:31 PM

1  Plaintiff and the Itemized Wage Statement Subclass members of their legitimate right to unpaid

2  wages and/or commissions, and otherwise deprive them of overtime compensation. As a result

3  of Defendants' intentional and knowing failure to maintain adequate itemized statements,

4  Plaintiff and the members of the Itemized Wage Statement Subclass could not ascertain the

5  actual amount of compensation they earned and/or were entitled to, and thereby suffered

6  cognizable injury in the form of the accrual of unpaid wages, commissions, overtime, and

7  interest.

8        79.      Pursuant to California Labor Code § 226(e), an employee who suffers injury as a

9  result of an employer's knowing and intentional failure to comply with subdivision (a), is

10  entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay

11  period in which a violation occurs and one hundred dollars ($ 100) per employee for each

12  violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand

13  dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

14        80.      Pursuant to California Labor Code § 226(h), an employee may also bring an

15  action for injunctive relief to ensure compliance with this section, and is entitled to an award of

16  costs and reasonable attorney's fees. As such, Plaintiff and the members of the Itemized Wage

17  Statement Subclass are entitled to statutory penalties recoverable from Defendants as described

18  herein, as well as reasonable costs and attorneys' fees.

19                         **SEVENTH CAUSE OF ACTION**

20  **(Violation of California Labor Code §§ 201, 202, 203, *et seq*.) (Plaintiff against Defendant**

21                                   **SPJ)**

22        81.      Plaintiff, on behalf of herself and all members of the class, hereby incorporates

23  the preceding paragraphs as though fully set forth herein.

24        82.      Labor Code § 201 states that an employer is required to provide an employee

25  who is terminated all unpaid wages immediately upon termination.

26        83.      Plaintiff is informed and believes and thereon alleges that Defendants failed to

27  pay Plaintiff, the Waiting Time Penalty Subclass members, and other current and former

28  employees all wages due and owing immediately upon termination, thereby violating Labor

                                   22
                 **FIRST AMENDED CLASS ACTION COMPLAINT**

From: Sam Kim    •    Fax: (424) 320-2000    To:    .    Fax: (909) 708-8588    Page 25 of 29 10/10/2017 1:31 PM

1 Code § 201.

2     84.    Labor Code §202 states, in pertinent part, that an employer is required to

3 provide an employee who quits his or her employment all wages due and owing not later than

4 72 hours thereafter.

5     85.    Plaintiff is informed and believes and thereon alleges that Defendants failed to

6 pay Plaintiff, the Waiting Time Penalty Subclass members, and other current and former

7 employees all wages due and owing upon voluntary resignation, thereby violating Labor Code

8 § 202.

9     86.    Labor Code §203 states that if an employer willfully fails to pay an employee

10 wages according to Labor Code §§ 201 and 202, these wages shall continue as a penalty for up

11 to a maximum of 30 days.

12     87.    Defendants willfully withheld paying Plaintiff, the Waiting Time Penalty

13 Subclass members, and other employees wages thereby violating Labor Code § 203 and

14 requiring Defendants to pay Plaintiff, the Waiting Time Penalty Subclass members, a 30 day

15 wage penalty in addition to all unpaid wages as described herein.

16                    **EIGHTH CAUSE OF ACTION**

17     **(Violation of California Business & Professions Code § 17200) (Plaintiff against**

18                         **Defendant SPJ)**

19     88.    Plaintiff, on behalf of herself and all class members, hereby incorporates the

20 preceding paragraphs as though fully set forth herein.

21     89.    California Business and Professions Code § 17200 *et seq.* prohibits unfair

22 competition in the form of any unlawful, deceptive or fraudulent business practice. The acts

23 and practices described in this complaint constitute unlawful, unfair and fraudulent business

24 practices, and unfair competition within the meaning of Business and Professions Code §

25 17200 *et seq.*

26     90.    Beginning at an exact date unknown to Plaintiff, Defendants committed

27 unlawful acts as described above, including: failing to pay overtime compensation to its

28 employees, failing to provide proper meal and rest breaks, failing to timely pay Plaintiff and

members of the Unfair Competition Subclass all wages due and owing, including minimum

wage, failing to properly maintain and submit itemized wage statements, and adopting,

implementing and enforcing uniform unlawful compensation and meal and rest break policies

and procedures.

91.    The violations of these laws serve as unlawful business practices for purposes of

Business and Professions Code § 17200 and remedies are provided therein under Business and

Professions Code § 17203.

92.    As a proximate result of the aforementioned acts, the Defendants received and

continue to hold ill-gotten gains belonging to Plaintiff and all members of the Unfair

Competition Subclass in that Defendants have profited from their unlawful practices.

93.    Business and Professions Code § 17203 provides that the Court may restore to

any person in interest any money or property that may have been acquired by means of such

unfair competition and order restitutionary damages to Defendants by operation of the practices

alleged therein. Plaintiff and all members of the Unfair Competition Subclass are entitled to

restitution pursuant to Business and Professions Code §§ 17203 and 17208 for all wages and

civil penalties unlawfully withheld from them during the four (4) years prior to the original

filing date of this complaint.

94.    Plaintiff and all members of the Unfair Competition Subclass seek and are

entitled to unpaid wages, unpaid overtime, injunctive relief, statutory and civil penalties, and

any other remedy owing to Plaintiff and members of the Unfair Competition Subclass.

95.    Injunctive relief is necessary and proper to prevent Defendants from repeating

their wrongful practices as alleged above.

96.    In order to prevent Defendants from profiting and benefitting from their

wrongful and illegal acts, an order requiring Defendants to pay restitutionary damages to

Plaintiff and all members of the Unfair Competition Subclass is also appropriate and necessary.

97.    Plaintiff herein has taken it upon herself to enforce these laws and lawful aims.

There is a financial burden incurred in pursuing this action and it would be against the interests

of justice to penalize Plaintiff by forcing them to pay attorneys' fees in this action. Therefore,

24

FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim    `   Fax: (424) 320-2000    ●  To:    .    .    Fax: (909) 708-8586    ●Page 27 of 29 10/10/2017 4:31 PM

attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5, as well as under the common fund doctrine.

## PRAYER FOR RELIEF

1. That the Court issue an Order certifying the Classes herein, appointing the named Plaintiff Ramirez as the representative of all others similarly situated, and appointing the Verum Law Group, APC, representing Plaintiff Ramirez, as class counsel for members of the Classes;

2. For an Order requiring Defendants to identify each of the members of the Classes by name, home address, home telephone number, and email address;

3. For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his or her money;

4. For general and compensatory damages according to proof at trial;

5. For preliminary, permanent, and mandatory injunctive relief prohibiting the Defendants and their agents from committing any future violations of the law as herein alleged;

6. For an order imposing all statutory and/or civil penalties provided by law;

7. For payment of unpaid wages in accordance with the FLSA (29 U.S.C. 201 et seq.);

8. For an award of restitution, according to proof, under the Business and Professions Code § 17200 et seq. and applicable California Labor Code provisions;

9. Costs of suit, including attorneys' fees pursuant to California Labor Code § 1194, 218.5, 226, the common fund doctrine, and all other applicable laws providing for recovery of attorney's fees and costs in this action;

10. For interest at the legal rate of 10% per annum;

11. Liquidated damages pursuant to Labor Code § 1194.2;

///
///
///
///
///

25

FIRST AMENDED CLASS ACTION COMPLAINT

From: Sam Kim      Fax: (424) 320-2000          To:          Fax: (909) 708-9598          ge 28 of 29 10/10/2017 4:31 PM

1   12. Such further relief as the Court deems just and proper.

2

3   October 10, 2017                          VERUM LAW GROUP, APC

4

5                                             Sam Kim

6                                             Yoonis Han
                                              Attorneys for Plaintiff MARCELA RAMIREZ
7                                             and all other similarly situated persons

8

9                          **REQUEST FOR JURY TRIAL**

10  Plaintiff requests a jury trial on all issues triable to a jury.

11

12  October 10, 2017                          VERUM LAW GROUP, APC

13

14                                            Sam Kim

15                                            Yoonis Han

16                                            Attorneys for Plaintiff MARCELA RAMIREZ
                                              and all other similarly situated persons

17

18

19

20

21

22

23

24

25

26

27

28

26
FIRST AMENDED CLASS ACTION COMPLAINT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                                    *Printed Name*                                          *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Alberto Lopez
1900 Poco Way, Apt 203
San Jose, CA 95116

Ander Castillo
2415 Pine Ave., Apt 503
Long Beach, CA 90803

Armando Martinez
869 Olive Ave South
San Francisco, CA 94080

Atlas General Ins. Services, LLC
4365 Execution Drive Suite 400
San Diego, CA 92121

Chase
PO Box 94014
Palatine, IL 60094-4014

Evelia Adame
29596 Dixon St. Apt 51
Hayward, CA 94544

Gasper Raymundo
1405 Marshall Street
Redwood City, CA 94063

Gerardo Morales
380 W Barbour Apt 143
Banning, CA 92220

Hugo Duarte
617 W. 17th Street
San Bernardino, CA 92405

Internal Revenue Service
300 N. Los Angeles Street
Los Angeles, CA 90012

Javier Gonzalez
2652 Del Rosa Ave. Apt 131
San Bernardino, CA 92404

Jorge Huerta
393 Athol St. Suite 8
San Bernardino, CA 92401

Lourdes Adame
22584 Nevada Rd.
Hayward, CA 94541

Luis Arce
393 Athol St., Suite 8
San Bernardino, CA 92401

Luis Lozoya
485 B. Street
Hayward, CA 94545

Maria Prado
218 W. Washington
San Bernardino, CA 92411

Rancho Janitorial Supplies
416 North Ninth Street
Modesto, CA 95350

Vernica Gonzalez
393 Anthol St. Suite 8
San Bernardino, CA 92401

Victor Camacho
968 E. Olive Street
San Bernardino, CA 92410

Walter Ruiz
3674 Water Bary Ct. Apt 9
San Jose, CA 95117